IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| NOEL P. LAYAOEN, #A1712376 | ) | CIV. NO. 06-00586 SOM-KSC |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER DISMISSING COMPLAINT |
| | ) | PURSUANT TO 28 U.S.C. § 1915 |
| H.P.A. HAWAII PAROLE | ) | AND DENYING IN FORMA PAUPERIS |
| AUTHORITY, ALBERT TUFONO, | ) | APPLICATION |
| TOMMY JOHNSTON, ROY REEBER, | ) | |
| DANE ODA, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER DISMISSING COMPLAINT PURSUANT TO 28 U.S.C. § 1915 AND DENYING IN FORMA PAUPERIS APPLICATION**

*Pro se* plaintiff Noel P. Layaoen, a Hawaii prisoner incarcerated at the Halawa Correctional Facility, has filed this prisoner civil rights complaint pursuant to 42 U.S.C. § 1983 and an *in forma pauperis* application.  Layaoen's Complaint names the Hawaii Paroling Authority ("HPA"), HPA Board Member Albert Tufono, HPA Administrator Tommy Johnston, HPA Board Member Roy Reeber, and HPA Board Member Dane Oda, in their official capacities only, as Defendants.

The court has now screened the Complaint pursuant to 28 U.S.C. § 1915A(a), and dismisses it for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(a) & 1915(e)(2)(B)(I) & (ii).  The court also denies Layaoen's *in forma pauperis* application.

**BACKGROUND**

Layaoen's Complaint, although somewhat devoid of factual support, appears to challenge the HPA's decision setting his minimum sentence at five years, which is apparently the same

amount of time as his maximum sentence, without setting an earlier date on which he would be eligible for parole.

Layaoen states that Defendants were "heartless" and acted without mercy, or consideration, or feelings of sympathy when they set his term of sentence. (Compl. 2.) Layaoen seeks a reconsideration hearing with the HPA and a determination that he be given two years incarceration with three years parole.

## LEGAL STANDARD

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *Id.;* 28 U.S.C. § 1915A(b)(1), (2).

The court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt. *Morrison v. Hall*, 261 F.3d 896, 899 n.2 (9th Cir. 2001). "'[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Terracom v. Valley Nat'l Bank*, 49 F.3d 555, 558 (9th Cir. 1995) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). "Unless it is absolutely clear that no amendment can cure the defect

. . . , a *pro se* litigant is entitled to notice of the complaint's deficiencies and an opportunity to amend prior to dismissal of the action." *Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995); *see also Lopez v. Smith*, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Layaoen's Complaint fails to state a viable claim under § 1983 for the following reasons.

I.   <u>Layaoen Has No Right to Parole.</u>

Insofar as Layaoen is claiming a right to parole, or a right to be assigned a conditional date for the consideration of parole, prior to the completion of his maximum term of imprisonment, it is clear that he has no such right.  The United States Supreme Court has held that prisoners have no federal constitutional right to parole.  *Greenholtz v. Inmates of Neb. Penal and Corr. Complex,* 442 U.S. 1, 7-11 (1979).

Nor does the HPA's setting Layaoen's term of sentence at five years, without provision for an earlier parole date, exceed his term of sentence "in such an unexpected manner as to impose atypical or significant hardship in relation to the

3

ordinary incidents of prison life," so as to implicate the Due Process Clause.  *Sandin v. Conner*, 515 U.S. 472, 484 (1995).  Further, Hawaii's prison regulations and policies do not create a protected liberty interest in parole.  *See Neal v. Shimoda*, 905 F. Supp. 813, 818 (D. Haw. 1995), *aff'd in part, rev'd in part*, 131 F.3d 818 (9th Cir. 1997); *see also Williamson v. Hawaii Paroling Authority*, 35 P.3d 210, 223 (2001) (holding that "a prisoner does not have a statutory right to have his or her minimum term set at a period shorter than the maximum sentence.")  Layaoen's assertion of a right to be given a parole date prior to the expiration of his sentence fails to state a claim cognizable under § 1983.

II.  <u>The Relief Layaoen Seeks is not Available Under § 1983.</u>

     Layaoen is challenging the HPA's decision to set his minimum term without any provision for early release on parole.  He seeks reconsideration of the HPA's decision, and a declaration that he is entitled to parole consideration after he has served two years of his five year sentence.  (Compl. 7.)  Such a claim for relief is not cognizable under 42 U.S.C. § 1983 and must be brought in a petition for writ of habeas corpus.  *See Preiser v. Rodriquez,* 411 U.S. 475, 500 (1973) ("[W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate or speedier release from that imprisonment, his sole remedy is a writ of habeas corpus.");

4

*Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005)(prisoner must seek federal habeas corpus relief instead).  As the Supreme Court recently clarified, "a state prisoner's § 1983 action is barred (absent prior invalidation)--no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings)--*if* success in that action would necessarily demonstrate the invalidity of confinement or its duration."  *Id.* at 81-82 (emphasis in original).

In *Wilkinson*, the Supreme Court held that prisoners could challenge the constitutionality of state parole procedures under § 1983 if success would not result in immediate release or a shorter stay in prison, but would instead mean at most a new parole eligibility review at which authorities could, in their discretion, decline to shorten a term of imprisonment.

Layaoen challenges the HPA's authority to set his minimum sentence equal to his maximum sentence, resulting in his serving the full term of his court-imposed sentence without allowing for earlier consideration of parole.  Success for Layaoen in this suit would result in a determination that he is entitled to parole consideration prior to the expiration of his sentence.[1]  Such relief is not available in a § 1983 action, and may only be obtained through a petition for writ of habeas

---

[1] Specifically, Layaoen seeks a declaration that, after he has served two years of his five year sentence, he is entitled to parole.

5

corpus, after Layaoen has fully exhausted his state court judicial remedies. That is not to say that such relief is necessarily available in a habeas action; as discussed above, Layaoen has no right to parole, much less to consideration for parole. However, if such a challenge were viable, it could only be brought in a petition for writ of habeas corpus.[2] This action fails to state a claim under § 1983 for this reason also.

It is also possible, based on his request for relief and his failure to state the court's jurisdiction over his claims, that Layaoen is seeking a writ of mandamus from this court directing the HPA to conduct a new hearing and to determine that he is, in fact, entitled to have a conditional parole date set after he completes two years of his five year sentence.[3] If

---

[2] When a complaint actually states a habeas claim, rather than a claim under § 1983, as here, the district court should inform the prisoner of this, then dismiss the claim without prejudice to the bringing of the claim in a habeas petition, after state judicial remedies have been exhausted. *Blueford v. Prunty*, 108 F.3d 251, 255 (9th Cir. 1997); *Trimble v. City of Santa Rosa*, 49 F.3d 583, 586 (9th Cir. 1995).

[3] District courts may grant writs in the nature of mandamus when necessary in aid of their jurisdiction. 28 U.S.C. § 1651; *Finley v. Chandler*, 377 F.2d 548, 548 (9th Cir. 1967). A writ of mandamus, however, is a drastic remedy to be used only in extraordinary situations. *Borja v. United States Dist. Court for the N. Mariana Islands*, 919 F.2d 100, 100 (9th Cir.1990); *People of Territory of Guam v. District Court of Guam*, 641 F.2d 816, 820 (9th Cir. 1981). Traditionally, it has been used as a means to confine an inferior court to the lawful exercise of its jurisdiction or to compel it to exercise its authority. *Borja*, 919 F.2d at 100.
  Mandamus relief is only available to compel an officer of the United States to perform a duty if (1) the plaintiff's claim is clear and certain; (2) the duty of the officer is ministerial and so plainly prescribed as to be free from doubt; and (3) no other adequate remedy is available. *Fallini v Hodel*, 783 F.2d

that is Layaoen's intent, his claims also fail.

Federal courts are without power to issue writs of mandamus to direct state courts or their judicial officers in the performance of their duties. *Clark v. State of Washington*, 366 F.2d 678, 681 (9th Cir. 1966) (federal court had no jurisdiction over suit by attorney who had been disbarred by state court, seeking to vacate judgment of disbarment); *see also Demos v. U.S. District Court*, 925 F.2d 1160, 1161-62 (9th Cir. 1991) (Court of Appeals lacks jurisdiction to issue a writ of mandamus to a state court under 28 U .S.C. § 1651; suit seeking such relief is frivolous as a matter of law), *cert. denied*, 498 U.S. 1123 (1991). As this court does not have the jurisdiction to compel the HPA to grant Layaoen a conditional date of parole, a petition for a writ of mandamus in this situation is legally frivolous.

III. <u>Defendants are Absolutely Immune From Suit for Damages.</u>

Finally, even if Layaoen were seeking damages rather than prospective injunctive or declaratory relief, this suit would fail. State parole board officials are entitled to absolute, quasi-judicial immunity from damages in civil rights actions for their acts taken when processing a parole application. *Sellars v. Procunier*, 641 F.2d 1295, 1302 (9th Cir.), *cert. denied*, 454 U.S. 1102 (1981); *cf. Anderson v. Boyd*, 714 F.2d 906, 909 (9th Cir. 1983) (parole officials are absolutely immune when acting in quasi-judicial capacity in

---

1343, 1345 (9th Cir. 1986) (citations omitted).

7

parole revocations). In *Sellars*, the petitioner alleged that California parole officials had conspired to deprive him of rights under the first, fifth, sixth, eighth and fourteenth amendments by giving him a parole release date that required him to serve an excessively long minimum prison sentence. *Sellars*, 641 F.2d at 1297. The Ninth Circuit Court of Appeals held that the parole officials acted in a quasi-judicial capacity when they set petitioner's minimum term, and were thus absolutely immune from suit for damages. *Id.* at 1302.

Similarly, any acts that HPA officials took in setting Layaoen's minimum term equal to his maximum term without provision for an earlier parole consideration, that were taken in the course of parole board hearings, were quasi-judicial in nature and are protected by the doctrine of absolute immunity.[4]

For the foregoing reasons, Layaoen's Complaint is dismissed. Because it is clear that the Complaint cannot be

---

[4] The court does not address the possibility of Eleventh Amendment immunity because Layoen names Defendants in their official capacities and appears to seek only prospective injunctive relief. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (the Eleventh Amendment bars damages actions against state officials in their official capacity, *see Doe v. Lawrence Livermore Nat'l Lab.*, 131 F.3d 836, 839 (9th Cir. 1997), but does not bar suits against state officials seeking prospective relief). It is also clear that Defendants here are entitled to qualified immunity in their individual capacities because, as addressed above, Layaoen is unable to demonstrate that a constitutional violation has occurred. *See Saucier v. Katz*, 533 U.S. 194, 201 (2001) (noting that threshold question in qualified immunity analysis is: "Taken in the light most favorable to the party asserting the injury, do the facts alleged show the officer's conduct violated a constitutional right?")). If no constitutional violation is shown, the inquiry ends. *Saucier*, 533 U.S. at 201.

8

amended to state a claim, and therefore amendment to these claims is futile, this dismissal is without leave to amend. *See Lopez*, 203 F.3d at 1130 (citing *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995) ("a district court should grant leave to amend . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts").

IV. Layaoen's In Forma Pauperis Application is Denied.

Having found that Layaoen's Complaint fails to state a cognizable claim on several different grounds, the court denies Layaoen's *in forma pauperis* application. *See Minetti v. Port of Seattle*, 152 F.3d 1113, 1115 (9th Cir. 1998) (quoting *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) ("A district court may deny leave to proceed in forma pauperis at the outset if it appears from the face of the proposed complaint that the action is frivolous or without merit.")).

**CONCLUSION**

1. Layaoen's Complaint is DISMISSED for FAILURE TO STATE A CLAIM, pursuant to 28 U.S.C. § 1915A(b)(1) & § 1915(e)(2)(B). Because amendment to the Complaint is futile, this dismissal is without leave to amend in this action, but without prejudice to the bringing of these claims in a habeas corpus proceeding, after state judicial remedies have been exhausted.

2. This dismissal shall count as a strike pursuant to 28 U.S.C. § 1915(g).

3. Layaoen's *in forma pauperis* application is DENIED.

4.   The Clerk is DIRECTED to close this case and to send a copy of this Order to Layaoen, to Mark Bennett, Attorney General of the State of Hawaii, at 425 Queen St., Honolulu, Hawaii, 96813, and to the Department of Public Safety's representative, Thomas Read, at 919 Ala Moana Blvd., 4th Floor, Honolulu, Hawaii, 96814.

IT IS SO ORDERED.

DATED: Honolulu, Hawaii; November 7, 2006.



/s/ Susan Oki Mollway
Susan Oki Mollway
United States District Judge

Layaoen v. HPA, et al., CV 06-00586 SOM-KSC; ORDER DISMISSING COMPLAINT IN PURSUANT TO 28 U.S.C. § 1915 AND DENYING IN FORMA PAUPERIS APPLICATION